IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUTH BURLEIGH, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | C.A. No.: 4:17-cv-00941 |
| | § | |
| ROSS REPORTING SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RUTH BURLEIGH, by and through her undersigned counsel, hereby sues the Defendant, ROSS REPORTING SERVICES, INC., and in support thereof alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid wages, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

## JURISDICTION

2. Jurisdiction is conferred on this Court by Title 28 U S.C. §1337 and by Title 29 U.S.C. §216(b).

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)

because Defendant, ROSS REPORTING SERVICES, INC., has offices located in Houston, Texas.

## THE PARTIES

4.   Plaintiff is an individual who resides in League City, Texas, and worked for Defendant from 2007 to October 11, 2016, as a Production Clerk, earning $14.50 per hour. Starting around July 2014, Plaintiff arrived to work daily at approximately 7:30 a.m., took a one-hour lunch, and left work at 5:00 p.m. Plaintiff averaged approximately 42.5 hours per week, but was only compensated for 40 hours.

5.   Defendant, ROSS REPORTING SERVICES, INC., is a corporation formed and existing under the laws of the state of Texas, and maintains an office in Houston, Texas. Their primary business is providing court reporting services.

## COMMON ALLEGATIONS

6.   Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this complaint, Defendant operated a court reporting business in the state of Texas and was an enterprise engaged in interstate commerce.

7.   Defendant has employees subject to the provisions of 29 U.S.C. §206 in the facility where Plaintiff was employed.

8.   At all times material to this complaint, Defendant employed two or more employees and had an annual dollar volume of sales or business done of at

least $500,000.00.

9. At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

10. At all times material to this complaint, Defendant, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s). Specifically, Defendant provides nationwide court reporting services, such as depositions, court document preparation and imaging, and legal video conferencing.

11. Plaintiff was individually engaged in commerce and her work was essential to Defendant's business. Plaintiff worked in the records department and regularly compiled records obtained under subpoena or affidavit, bates-stamped them, and supplied the original and a working copy of records to clients, electronically filed records, and invoiced clients.

12. Defendant either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

13. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the

amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

14. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

15. Plaintiff has retained the law firm of Ross Law, P.C., to represent her in this action. Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendant pursuant to 29 U. S. C. § 216(b).

## **UNPAID OVERTIME**

16. Plaintiff re-alleges and incorporates herein paragraphs 1-15, supra.

17. During one or more weeks of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours.

18. Throughout the employment of Plaintiff, the Defendant repeatedly and

willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek. Plaintiff worked at least 42.5 hours per week from July 2014 to October 2016.

19. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

20. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for all hours worked in excess of 40 per workweek.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees, and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**ROSS LAW GROUP**
1104 San Antonio St.
Austin, Texas 78701
Ph:  512-474-7677
Fax: 512-474-5306

*/s/ Brett C. Beeler*
**BRETT C. BEELER**
Texas Bar No. 24097357
brett@rosslawgroup.com
**CHARLES L. SCALISE**
Texas Bar No. 24064621
charles@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**